UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DAVID IRWIN,                          No. 2:19-cv-00194-JAM-CKD

        Plaintiff,

    v.                                **SUA SPONTE ORDER REMANDING ACTION TO STATE COURT**

STEPHANIE PHILADENG,

        Defendant.

    The undersigned revokes any actual or anticipated referral to a Magistrate Judge for the purposes of Findings and Recommendations in this case. See Local Rule 302(d) ("Notwithstanding any other provision of this Rule, a Judge may retain any matter otherwise routinely referred to a Magistrate Judge.").

    On January 31, 2019, Defendant Stephanie Philadeng filed a Notice of Removal with this Court, seeking to remove an action from the Superior Court for the County of Sacramento. Notice of Removal, ECF No. 1. For the following reasons, the Court sua

1

sponte REMANDS this case to the Superior Court of California for the County of Sacramento.

Under 28 U.S.C. § 1441(a), a defendant may remove an action to federal court if the district court has original jurisdiction. Hunter v. Phillip Morris USA, 582 F.3d 1039, 1042 (9th Cir. 2009) (quoting Ansley v. Ameriquest Mortg. Co., 340 F.3d 858, 861 (9th Cir. 2003)).  If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  28 U.S.C. § 1447(c).  Generally, a defendant seeking to remove an action to federal court must file a notice of removal within thirty days of receiving a copy of the initial pleading.  28 U.S.C. § 1446(b).  The defendant seeking removal of an action to federal court has the burden of establishing federal jurisdiction in the case.  California ex rel. Lockyer v. Dynegy, Inc., 375 F.3d 831, 838 (9th Cir. 2004).

Defendant is attempting to remove an unlawful detainer action based on federal subject matter jurisdiction.  Notice of Removal at 2.  Specifically, Defendant contends that "[t]he complaint presents federal questions," but does not identify those questions.  Id.  The Court has reviewed the Complaint, ECF No. 1, pp. 5-8, and determined that no such federal questions exist.

Federal courts are courts of limited jurisdiction and lack inherent or general subject matter jurisdiction.  Federal courts can adjudicate only those cases authorized by the United States Constitution and Congress.  Generally, those cases involve diversity of citizenship or a federal question, or cases in which the United States is a party.  Kokkonen v. Guardian Life Ins.

2

1 | Co., 511 U.S. 375 (1994); Finley v. United States, 490 U.S. 545

2 | (1989). Federal courts are presumptively without jurisdiction

3 | over civil actions. Kokkonen, 511 U.S. at 377. Lack of subject

4 | matter jurisdiction is never waived and may be raised by the

5 | Court sua sponte. Attorneys Trust v. Videotape Computer Prods.,

6 | Inc., 93 F.3d 593, 594-95 (9th Cir. 1996). "Nothing is to be

7 | more jealously guarded by a court than its jurisdiction.

8 | Jurisdiction is what its power rests upon. Without jurisdiction

9 | it is nothing." In re Mooney, 841 F.2d 1003, 1006 (9th Cir.

10 | 1988).

11 | The Ninth Circuit has held that the removal statute should

12 | be strictly construed in favor of remand and against removal.

13 | Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 698 (9th Cir.

14 | 2005). The "strong presumption" against removal jurisdiction

15 | means that the defendant always has the burden of establishing

16 | that removal is proper. Nishimoto v. Federman–Bachrach &

17 | Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990); Emrich v. Touche

18 | Ross & Co., 846 F.2d 1190, 1195 (9th Cir. 1988). Federal

19 | jurisdiction must be rejected if there is any doubt as to the

20 | right of removal in the first instance. Gaus v. Miles, Inc., 980

21 | F.2d 564, 566 (9th Cir. 1992).

22 | In this case, Defendant is unable to establish subject

23 | matter jurisdiction before this Court because the complaint filed

24 | in the state court apparently contains a single cause of action

25 | for unlawful detainer based on California Code of Civil Procedure

26 | § 1161a. Unlawful detainer actions are strictly within the

27 | province of state court. A defendant's attempt to create federal

28 | subject matter jurisdiction by adding claims or defenses to a

3

notice of removal will not succeed.  <u>Vaden v. Discover Bank</u>, 556

U.S. 49, 50 (2009) (federal question jurisdiction cannot "rest

upon an actual or anticipated counterclaim"); <u>Valles v. Ivy Hill</u>

<u>Corp.</u>, 410 F.3d 1071, 1075 (9th Cir. 2005) ("A federal law

defense to a state-law claim does not confer jurisdiction on a

federal court, even if the defense is that of federal preemption

and is anticipated in the plaintiff's complaint.").

     In determining the presence or absence of federal

jurisdiction in removal cases, the "well-pleaded complaint rule"

applies, "which provides that federal jurisdiction exists only

when a federal question is presented on the face of the

plaintiff's properly pleaded complaint." <u>Caterpillar Inc. v.</u>

<u>Williams</u>, 482 U.S. 386, 392 (1987).  Moreover, "it is well

established that plaintiff is the 'master of her complaint' and

can plead to avoid federal jurisdiction." <u>Lowdermilk v. U.S.</u>

<u>Bank Nat'l Ass'n</u>, 479 F.3d 994, 998-99 (9th Cir. 2007); <u>Metro.</u>

<u>Life Ins. Co. v. Taylor</u>, 481 U.S. 58, 63 (1987) (citing <u>Gully v.</u>

<u>First Nat'l Bank</u>, 299 U.S. 109 (1936)) ("It is long settled law

that a cause of action arises under federal law only when the

plaintiff's well-pleaded complaint raises issues of federal

law.").

     Plaintiff's complaint raises a single state law claim.  The

face of a properly-pled state law unlawful detainer action does

not present a federal question.  Therefore, Plaintiff's complaint

avoids federal question jurisdiction.  Defendant cannot inject a

federal issue through her answer.

     Accordingly, the Court REMANDS this case to the Superior

Court for the County of Sacramento for all future proceedings.

1  Defendant's motion to proceed in forma pauperis, ECF No. 2, is

2  DENIED as moot.

3  Dated:     February 4, 2019

4                                    /s/ John A. Mendez_____

5                                    UNITED STATES DISTRICT COURT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28